UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA BUGAI,

      Plaintiff,

vs.

WAL-MART STORES EAST, LP,
d/b/a/ WALMART SUPERCENTER #2338,

      Defendant.

Case No. 1:24-cv-00712-HYJ-SJB

Hon. Hala Y. Jarbou
Magistrate Judge Sally J. Berens

| | |
|---|---|
| TODD J. STEARN (P51496) | NICOLE M. WRIGHT (P63513) |
| LAW OFFICES OF TODD J. STEARN, P.C. | ZAUSMER, P.C. |
| Attorney for Plaintiff | JULIAN J. HEIDENREICH (P76595) |
| 29829 Greenfield Road, Suite 101 | ZAUSMER, P.C. |
| Southfield, MI  48076 | Attorneys for Defendant |
| (248) 744-5000 / Fax: (248) 744-5002 | 146 Monroe Center St., NW, Suite 805 |
| todd@tjslawfirm.com | Grand Rapids, MI 49503-2844 |
| | (616) 272-7300 / Fax: (248) 851-0100 |
| | nwright@zausmer.com |
| | jheidenreich@zausmer.com |

**DEFENDANT WAL-MART STORES EAST, LP'S
ANSWER TO COMPLAINT; AFFIRMATIVE
DEFENSES; AND DEMAND FOR TRIAL BY JURY**

NOW COMES, Defendant, WAL-MART STORES EAST, LP ("Defendant Walmart"), by and through its attorneys, ZAUSMER, P.C., and for its Answer to Plaintiff BRENDA BUGAI's Complaint, states the following:

**JURISDICTION AND VENUE**

1.    The Plaintiff, BRENDA BUGAI, is a resident of the City of Cedar, County of Leelenau, State of Michigan.

{05567754}

**ANSWER:    In answer to Paragraph One, Defendant Walmart states that it is without sufficient knowledge or information upon which to form a belief as to the truth of said allegations and therefore, neither admits nor denies same, but leaves Plaintiff to her proofs.**

2.    Upon information and belief, for all relevant times Defendant WAL-MART STORES EAST, LP was a foreign corporation doing business as WALMART SUPERCENTER #2338.  The resident agent is The Corporation Company, 40600 Ann Arbor Rd., E., Ste. 201, Plymouth, MI 48170.

**ANSWER:    In answer to Paragraph Two, Defendant Walmart admits that it conducts business in the State of Michigan, with its Registered Agent, The Corporation Company, located at 40600 Ann Arbor Rd, Suite 201, Plymouth, MI 48170.**

3.    This cause of action arose on or about July 7, 2022, in the City of Traverse City, County of Grand Traverse and State of Michigan.

**ANSWER:    In answer to Paragraph Three, Defendant Walmart states that it is without sufficient knowledge or information upon which to form a belief as to the truth of said allegations and therefore, neither admits nor denies same, but leaves Plaintiff to her proofs.**

4.    The amount in controversy herein exceeds Twenty-Five Thousand Dollars ($25,000.00), exclusive of interest, costs and attorney's fees.

**ANSWER:    In answer to Paragraph Four, Defendant Walmart states that it is without sufficient knowledge or information upon which to form a belief as to the truth of said allegations and therefore, neither admits nor denies same, but leaves Plaintiff to her proofs.**

## GENERAL ALLEGATIONS

5.      On or about February 7, 2022, the Defendant owned and managed a commercial self-service store located at 2640 Crossing Cir., Traverse City, Michigan.

**ANSWER:    In answer to Paragraph Five, Defendant Walmart admits that it conducts business at 2640 Crossing Circle in Traverse City, Michigan. By way of further response, as to the remaining allegations, Defendant Walmart states that it is without sufficient knowledge or information upon which to form a believe as to the truth of said allegations and therefore, neither admits nor denies same, but leaves Plaintiff**

6.      On said date, the Defendant left a slippery substance on the floor of their premises that blended in with the color of the floor.

**ANSWER:    In answer to Paragraph Six, Defendant Walmart denies that it breached any duties owed to its business invitees, including any duties owed to the Plaintiff.**

7.      On said date, the Plaintiff, BRENDA BUGAI, did slip and fall as a direct and proximate result of aforementioned slippery substance.

**ANSWER:    In answer to Paragraph Seven, Defendant Walmart denies that it breached any duties owed to its business invitees, including any duties owed to the Plaintiff. By way of further response, as to the remaining allegations, Defendant Walmart states that it is without sufficient knowledge or information upon which to form a belief as to the truth of said allegations and therefore, neither admits nor denies same, but leaves Plaintiff to her proofs.**

8.      At all times herein mentioned and at the time of the committing of the grievances by the Defendant and the sustaining of injuries by the Plaintiff as herein alleged, the Defendant was responsible for maintaining the Premises.

{05567754}                                          3

**ANSWER:    In answer to Paragraph Eight, Defendant Walmart denies that it breached any duties owed to its business invitees, including any duties owed to the Plaintiff. By way of further response, as to the remaining allegations, Defendant Walmart states that it is without sufficient knowledge or information upon which to form a belief as to the truth of said allegations and therefore, neither admits nor denies same, but leaves Plaintiff to her proofs.**

9.      For all relevant times, the Defendant then and there induced the public, specifically Plaintiff, to believe that the Premises, entrances and approaches thereof, and every part of the said Premises, were conducted and kept and maintained in a safe and proper condition.

**ANSWER:    In answer to Paragraph Nine, Defendant Walmart denies that it breached any duties owed to its business invitees, including any duties owed to the Plaintiff. By way of further response, as to the remaining allegations, Defendant Walmart states that it is without sufficient knowledge or information upon which to form a belief as to the truth of said allegations and therefore, neither admits nor denies same, but leaves Plaintiff to her proofs.**

10.     The Defendant knew or should have known of a dangerous condition created by the slippery substance located on the premises.

**ANSWER:    In answer to Paragraph Ten, Defendant Walmart states that no response is that no response is required given that the allegations call for legal conclusions and assume facts not evidence. To the extent a response is required, each and every allegation not herein specifically admitted is expressly denied.**

{05567754}                                        4

11. Defendant knew or should have known that the Plaintiff did not know of the dangerous condition or that Plaintiff would not take steps to protect herself.

**ANSWER: In answer to Paragraph Eleven, Defendant Walmart states that no response is that no response is required given that the allegations call for legal conclusions and assume facts not evidence. To the extent a response is required, each and every allegation not herein specifically admitted is expressly denied.**

12. At all times herein mentioned, Plaintiff was in the exercise of due care and caution and free from negligence on Plaintiff's part.

**ANSWER: In answer to Paragraph Twelve, Defendant Walmart denies the allegations contained therein for the reason they are untrue.**

13. The Defendant owed a duty to Plaintiff, and, notwithstanding said duties, Defendant did violate and breach the same in the following particulars:

a. Failing to maintain the Premises in a safe and reasonable way.
b. Failing to take reasonable steps for the prevention of injuries and to warn its invitees of potential foreseeable dangers.
c. Failing to warn Plaintiff of all foreseeable dangers;
d. Failing to provide notice of the substance or warning to the Plaintiff, who was lawfully upon the Premises, of the dangerous and hazardous condition that Defendant knew, or should have known, existed on the Premises;
e. Failing to inspect and maintain the Premises in a reasonably safe condition so as not create a dangerous and hazardous condition for persons who were upon the premises;
f. Failing to warn the Plaintiff of the dangerous condition that existed upon the Premises when Defendant knew, or should have known, that Plaintiff had no way of knowing of the dangerous condition;
g. Failing to hire and employ personnel or staff that would properly maintain the Premises and not allow a dangerous and hazardous condition to remain on the sidewalk;
h. Failing to take reasonable steps in a reasonable period of time to ameliorate snow and slippery substance from their parking lot;
i. Such other breaches of the standard of care as are discovered throughout the course and scope of this case.

{05567754} 5

**ANSWER:    In answer to Paragraph Thirteen, including subparagraphs (a.) through (i.), Defendant Walmart admits that it owes certain duties to its business invitees. However, Defendant Walmart denies that it breached any duties owed to its business invitees, including any duties owed to Plaintiff.**

14.    As a result of the negligence of the Defendant, Plaintiff sustained injuries, which injuries have caused Plaintiff pain, suffering, disability and mental anguish, to wit:

    a.  Recurrent full-thickness rotator cuff tear to the left shoulder requiring a surgery;
    b.  Ongoing left shoulder pain;
    c.  Such other injuries as are discovered throughout the course of this case.

**ANSWER:    In answer to Paragraph Fourteen, including subparagraphs (a.) through (c.), Defendant Walmart states that no response is required given that the allegations call for legal conclusions and assume facts not evidence. To the extent a response is required, each and every allegation not herein specifically admitted is expressly denied.**

15.    Defendant's negligence may have exacerbated a pre-existing condition from which the Plaintiff suffered.

**ANSWER:    In answer to Paragraph Fifteen, Defendant Walmart states that no response is required given that the allegations call for legal conclusions and assume facts not evidence. To the extent a response is required, each and every allegation not herein specifically admitted is expressly denied.**

16.    As a direct and proximate result of the negligence, and carelessness of the Defendant, the Plaintiff has sustained injuries which include, but are not limited to:

    a.  pain, and suffering, past and future, including but not limited to:

        1)  physical pain and suffering;
        2)  mental anguish;
        3)  denial of social pleasure;
        4)  embarrassment, humiliation and mortification;

b.  Medical expenses, past, present and future;

c.  Such other damage as are allowable by Michigan law.

**ANSWER:**    **In answer to Paragraph Sixteen, including subparagraphs (a.)(1-4) through (c.), Defendant Walmart states that no response is required given that the allegations call for legal conclusions and assume facts not evidence. To the extent a response is required, each and every allegation not herein specifically admitted is expressly denied.**

WHEREFORE, Defendant, Wal-Mart Stores East, LP, denies that Plaintiff is entitled to recover a judgment against it in any sum of money, and prays that Plaintiff's cause of action be dismissed with prejudice and that Defendant Walmart be awarded costs and reasonable attorney fees wrongfully incurred herein.

Respectfully Submitted,

ZAUSMER, P.C.

*/s/ Nicole M. Wright*
NICOLE M. WRIGHT (P63513)
Attorney for Defendant Wal-Mart Stores East, LP
32255 Northwestern Highway, Suite 225
Farmington Hills, MI 48334
Phone: (248) 851-4111
nwright@zausmer.com

Dated:  July 31, 2024

{05567754}

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA BUGAI,

              Plaintiff,

vs.

WAL-MART STORES EAST, LP,
d/b/a/ WALMART SUPERCENTER #2338,

              Defendant.

Case No. 1:24-cv-00712-HYJ-SJB

Hon. Hala Y. Jarbou
Magistrate Judge Sally J. Berens

| | |
|---|---|
| TODD J. STEARN (P51496) | NICOLE M. WRIGHT (P63513) |
| LAW OFFICES OF TODD J. STEARN, P.C. | ZAUSMER, P.C. |
| Attorney for Plaintiff | JULIAN J. HEIDENREICH (P76595) |
| 29829 Greenfield Road, Suite 101 | ZAUSMER, P.C. |
| Southfield, MI  48076 | Attorneys for Defendant |
| (248) 744-5000 / Fax: (248) 744-5002 | 146 Monroe Center St., NW, Suite 805 |
| todd@tjslawfirm.com | Grand Rapids, MI 49503-2844 |
| | (616) 272-7300 / Fax: (248) 851-0100 |
| | nwright@zausmer.com |
| | jheidenreich@zausmer.com |

**DEFENDANT WAL-MART STORES EAST, LP'S**
**AFFIRMATIVE DEFENSES**

NOW COMES, Defendant, WAL-MART STORES EAST, LP ("Defendant Walmart"), by and through its attorneys, ZAUSMER, P.C., and to the extent discovery reveals, Defendant Walmart states the following for its Affirmative Defenses:

1.      The condition that allegedly caused Plaintiff's damages/injuries was open and obvious.

2.      Plaintiff may not recover against Defendant Walmart for items of economic expense, including, but not limited to, medical, hospital, drug/medication bills and/or lost earnings and/or future earnings.

{05567754}                8

3.      Plaintiff's recovery, if any, shall be diminished by Plaintiff's comparative and/or contributory negligence.

4.      Plaintiff is more than fifty (50%) percent at fault and, under the series of laws under the Tort Reform Act (MCL § 600.6304), Plaintiff cannot recover.

5.      Defendant Walmart will assert at the time of trial that another person and/or entity is at fault, whether a party or non-party, and pursuant to MCL § 600.2957, fault must be allocated to them.  Defendant Walmart reserves the right to file a Third-Party Complaint against the party and/or non-party at fault.

6.      Plaintiff's claims are barred because she has failed to mitigate her damages.

7.      Plaintiff's claims are barred because Defendant Walmart is not the sole and/or proximate cause of the alleged injuries/damages described in Plaintiff's Complaint.

8.      Plaintiff's claims are barred and/or Defendant Walmart is entitled to a set-off pursuant to the collateral source rule (MCL § 600.6303).

9.      Plaintiff's claims are barred because Defendant Walmart lacked notice of the alleged condition described in Plaintiff's Complaint.

10.     Plaintiff's claims are barred because she has failed to state a claim.

11.     Plaintiff's claims are barred because, at all times relevant hereto, Defendant Walmart provided reasonably safe premises and did not breach any duty owed to Plaintiff.

12.     Plaintiff's claims are barred in whole and/or in part by Plaintiff's comparative/contributory negligence.

13.     Plaintiff's claims are barred in whole and/or in part because of the assumption of the risk doctrine.

14.  Plaintiff's claims are barred in whole and/or in part due to payment; release; satisfaction; discharge; license; fraud; estoppel; and the statute of frauds.

15.  Plaintiff's claims are barred in whole and/or in part by the applicable statute of limitations.

16.  Plaintiff's claims are barred in whole and/or in part by immunity granted by law.

17.  Plaintiff's claims are barred in whole and/or in part by want or failure of consideration.

18.  Plaintiff's claims are barred in whole and/or in part by an instrument or transaction that is void, voidable, or cannot be recovered on by reason of statute or non-delivery.

19.  Plaintiff's claims are barred in whole and/or in part because Defendant Walmart reasonably maintained the subject area and did not breach any duty owed to its invitees, including Plaintiff.

20.  Plaintiff's claims are barred by the doctrine of unclean hands.

WHEREFORE, Defendant Wal-Mart Stores East, LP, reserves the right to file further Affirmative Defenses, which may be revealed by discovery.

Respectfully Submitted,

ZAUSMER, P.C.

/s/ *Nicole M. Wright*
NICOLE M. WRIGHT (P63513)
Attorney for Defendant Wal-Mart Stores East, LP
32255 Northwestern Highway, Suite 225
Farmington Hills, MI 48334
(248) 851-4111
nwright@zausmer.com

Dated:  July 31, 2024

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA BUGAI,

        Plaintiff,

vs.

WAL-MART STORES EAST, LP,
d/b/a/ WALMART SUPERCENTER #2338,

        Defendant.

Case No. 1:24-cv-00712-HYJ-SJB

Hon. Hala Y. Jarbou
Magistrate Judge Sally J. Berens

| | |
|---|---|
| TODD J. STEARN (P51496)<br>LAW OFFICES OF TODD J. STEARN, P.C.<br>Attorney for Plaintiff<br>29829 Greenfield Road, Suite 101<br>Southfield, MI  48076<br>(248) 744-5000 / Fax: (248) 744-5002<br>todd@tjslawfirm.com | NICOLE M. WRIGHT (P63513)<br>ZAUSMER, P.C.<br>JULIAN J. HEIDENREICH (P76595)<br>ZAUSMER, P.C.<br>Attorneys for Defendant<br>146 Monroe Center St., NW, Suite 805<br>Grand Rapids, MI 49503-2844<br>(616) 272-7300 / Fax: (248) 851-0100<br>nwright@zausmer.com<br>jheidenreich@zausmer.com |

**DEFENDANT WAL-MART STORES EAST, LP**
**DEMAND FOR TRIAL BY JURY**

NOW COMES, Defendant, WAL-MART STORES EAST, LP, by and through its attorneys,

ZAUSMER, P.C., and hereby makes a demand for trial by jury of the facts and issues in the above

cause of action.

        Respectfully Submitted,
        ZAUSMER, P.C.

        /s/ *Nicole M. Wright*
        NICOLE M. WRIGHT (P63513)
        Attorney for Defendant Wal-Mart Stores East, LP
        32255 Northwestern Highway, Suite 225
        Farmington Hills, MI 48334
        (248) 851-4111

Dated:  July 31, 2024        nwright@zausmer.com

{05567754}        11

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **July 31, 2024**, I electronically filed the foregoing document(s) with the Clerk of the Court using the ECF System, which will provide electronic notice and copies of such filing using the Court's e-filing system.

<u>/s/ Nicole M. Schroeder</u>
NICOLE M. SCHROEDER

{05567754}